**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No.: 2:11-cr-00442-GMN-GWF-2 |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ) | |
| DEON FREDRICK SMITH, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Deon Fredrick Smith's ("Defendant's") Motion to Extend Time to File a 2255 Motion, (ECF No. 315). The Motion also requests that the Court appoint counsel for Defendant, (ECF No. 316). The Government filed a Response, (ECF No. 317), and Defendant filed both an Addendum, (ECF No. 318), and a Supplement, (ECF No. 319), to the Motion.

Also pending before the Court is the Motion to Vacate, Set Aside, or Correct Sentence (the "2255 Motion"), (ECF No. 336). The Government filed a Response, (ECF No. 339), and Defendant filed a Reply, (ECF No. 343).

Also pending before the Court is the Motion to Reduce and Correct Sentence, (ECF No. 328). The Motion also requests appointment of counsel, (ECF No. 329), and a new sentencing hearing, (ECF No. 330). The Government filed a Response, (ECF No. 331), and Defendant did not file a reply.

Also pending before the Court is the First Motion to Amend the 2255 Motion, (ECF No. 346). The Government filed a Response, (ECF No. 347), and Defendant did not file a reply.

Also pending before the Court is the Second Motion to Amend the 2255 Motion, (ECF No. 353). The Government filed a Response, (ECF No. 354), Defendant filed a Reply, (ECF No. 356), and CJA counsel filed a Supplemental Reply, (ECF No. 376).

For the reasons discussed below, the Court **DENIES as moot** the Motion to Extend Time to File a 2255 Motion. The Court **DENIES** Defendant's Motions for Appointment of Counsel. The Court **DENIES** the 2255 Motion. The Court **DENIES** the Second Motion to Amend the 2255 Motion. The Court **GRANTS** the First Motion to Amend the 2255 Motion. The Court **DENIES** the Motion to Reduce and Correct Sentence, Appoint Counsel, and for Sentencing Hearing.

**I.    BACKGROUND**

On May 28, 2014, Defendant was convicted of: (1) criminal conspiracy in violation of 18 U.S.C. § 371; (2) armed bank robbery in violation of 18 U.S.C. § 2113(a), (d); (3) using and carrying a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(2); and (4) accessory after the fact in violation of 18 U.S.C. § 3. (*See* J., ECF No. 233); (*see also* Third Superseding Indictment, ECF No. 150). The Court sentenced Defendant to 60 months imprisonment on Count 1; 168 months imprisonment on Count 2, concurrent with Count 1; 84 months imprisonment on Count 3, consecutive to all other counts; and stayed sentencing as to Count 4. (*Id.*).

Defendant appealed. (Notice of Appeal, ECF No. 227). The Ninth Circuit affirmed Defendant's conviction in part and vacated the conviction in part, dismissing the accessory after the fact count without prejudice. *See United States v. Smith*, 650 F. App'x 458 (9th Cir. 2016).[1] On January 5, 2017, this Court resentenced Smith. (Am. J., ECF No. 292). Defendant did not appeal the Amended Judgment. Rather, he filed a Motion to Appoint Counsel, (ECF No. 316), to help him file a 2255 Motion and a Motion to Extend Time, (ECF No. 315), to file a

---

[1] The Ninth Circuit vacated the Count without prejudice because it was a lesser included offense of armed bank robbery. *Id.* at 459.

2255 Motion. After the Government responded, arguing that the Court did not have jurisdiction to grant Defendant's requests in the absence of a 2255 Motion, Defendant asked the Court to treat his previous Motions as a 2255 Motion in the event that the Court did not grant the requested extension and appointment. (*See* Resp., ECF No. 317); (Addendum and Supp., ECF Nos. 318–19).

On February 23, 2018, Defendant filed the instant 2255 Motion, which argues that the Court should vacate, set aside, or correct his sentence because the sentence is constitutionally invalid, and Defendant received ineffective assistance of counsel. (2255 Mot. at 2–3, ECF No. 336). Defendant has also filed several Motions for appointment of counsel, for hearings, and to amend the 2255 Motion. (See ECF Nos. 328–30, 346, 353).

## II.  LEGAL STANDARD

Under 28 U.S.C. § 2255, a defendant may file a motion requesting the sentencing Court to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). "[A] district court may deny a Section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989).

## III.  DISCUSSION

The Court begins its analysis by addressing the mootness of the Motion to Extend Time to File a 2255 Motion and the Motion for Appointment of Counsel to assist in preparing the 2255 Motion. The Court then addresses the substantive 2255 Motion. After addressing the

2255 Motion, the Court considers whether to provide Defendant leave to amend. The Court concludes by addressing Defendant's Motion to Reduce and Correct Sentence, Appoint Counsel, and for Sentencing Hearing.

### a. Motion to Extend Time to File and Appoint Counsel, (ECF Nos. 315–16)[2]

On November 1, 2017, Defendant filed the Motion to Extend Time and for Appointment of Counsel, (ECF No. 315–16). The Motion asks the Court to extend Defendant's deadline to file a 2255 Motion and to appoint an attorney to help him with the Motion. (*Id.*). On February 23, 2018, Defendant filed a 2255 Motion. (*See* 2255 Mot., ECF No. 336) (USCA Order, ECF No. 335) (directing the Court to regard ECF No. 336 as filed when postmarked). The Government's Response does not challenge the timeliness of Defendant's 2255 Motion; to the contrary, it argues that Defendant's 2255 Motion relates back to the Motion to Extend Time and Appoint Counsel because the arguments raised in the 2255 Motion are raised in the earlier filing. (Resp. 3:3–12, ECF No. 339). Accordingly, because the Government concedes that the Motion is timely and Defendant has already filed the 2255 Motion without the assistance of counsel, the Court **DENIES as moot** the Motion to Extend Time to File and Appoint Counsel.

### b. 2255 Motion, (ECF No. 336)

Defendant's 2255 Motion presents two reasons for the Court to vacate, set aside, or correct Defendant's conviction. Defendant first argues that his conviction under 18 U.S.C. § 924(c) is unconstitutional in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *Johnson v. United States*, 576 U.S. 591 (2015). (2255 Mot. at 3, ECF No. 336). Defendant also argues that he received ineffective assistance of counsel on appeal because his attorney failed to raise appropriate evidentiary objections implicating his armed bank robbery conviction. (*Id.*). The Court finds neither argument persuasive.

---

[2] ECF Nos. 315–16 are duplicates filed as separate Motions in compliance with the Local Rules because the filing seeks multiple forms of relief. The Court therefore refers to the filing as one Motion in this subsection.

### i. Constitutionality of Conviction

Defendant argues the Court should vacate his conviction under 18 U.S.C. § 924(c) because the conviction is unconstitutional. (*Id.*). The Government argues that Defendant's conviction is valid because armed bank robbery is a valid predicate under 18 U.S.C. § 924(c). (Resp. 4:9–13, ECF No. 339). The Court agrees.

Section (c) of the Armed Career Criminal Act, 18 U.S.C. § 924(c), "imposes a mandatory consecutive term of imprisonment for using or carrying a firearm 'during and in relation to any crime of violence.'" *United States v. Watson*, 881 F.3d 782, 784 (9th Cir. 2018) (per curiam) (quoting 18 U.S.C. § 924(c)(1)(A)), cert. denied, 139 S. Ct. 203 (2018). The statute defines a "crime of violence" as a felony that either, "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(A)–(B). Subsection (A) is known as the "elements clause," and Subsection (B) the "residual clause." *United States v. Davis*, 139 S. Ct. 2319, 2324–25 (2019). Defendant argues that his conviction is invalid because convictions that rely on the residual clause are unconstitutional. (*See* 2255 Mot. at 3).

Defendant's conviction under 18 U.S.C. § 924(c) is valid because an armed bank robbery conviction qualifies as a predicate under the elements clause. *Watson*, 881 F.3d at 784–86. While the language of the residual clause is unconstitutionally vague, the same is not true of the elements clause. *Compare Davis*, 139 S. Ct. at 2336 (finding the residual clause unconstitutionally vague); *with Watson*, 88 F.3d at 786 (finding a conviction using armed bank robbery as a predicate valid under the elements clause). Therefore, because Defendant's conviction under 18 U.S.C. § 924(c) falls within the statute's residual clause, the conviction is constitutionally valid. The Court now addresses Defendant's ineffective assistance argument.

### ii. Ineffective Assistance of Counsel

Defendant argues that his attorney did not adequately contest the evidentiary basis of Defendant's armed bank robbery conviction. (2255 Mot. at 3). Defendant explains that the Government introduced evidence of his prior convictions at trial to prove guilt under the accessory after the fact Count. (*Id.*). He argues that because the Ninth Circuit reversed the Count, the introduction of his prior convictions was prejudicial. (*Id.*). He argues that counsel erred by failing to challenge the validity of the armed bank robbery conviction under Federal Rule of Evidence 404(b). (*Id.*). Defendant also argues in another filing that counsel should have objected to the testimony of a jailhouse informant because the Government did not obtain a warrant for the testimony. (*See* Mot. Appoint Counsel at 4, ECF No. 316).

The Government responds that the introduction of Defendant's prior convictions under the accessory after the fact Count does not invalidate the armed bank robbery conviction because, as a lesser included offense of armed bank robbery, all evidence admitted to convict Defendant of accessory after the fact was admissible to prove armed bank robbery. (Resp. 5:8–17). The Government also argues that counsel's failure to object to the informant's testimony was not ineffective because no warrant was required to procure the testimony. (*Id.* 4:14–21).

The Court agrees with the Government. To establish ineffective assistance of counsel, a Defendant must first show that counsel's conduct was not "within the range of competence demanded of attorneys in criminal cases." *Strickland v. Washington,* 466 U.S. 668, 687 (1984) (citations omitted). If Defendant's counsel fell outside the range of competence, the Defendant must show that he was prejudiced by that performance. *See id.* at 692. Under the first part of this review, the Court's inquiry begins with a "strong presumption that counsel's conduct [falls] within the wide range of reasonable representation." *United States v. Ferreira–Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1987) (as amended) (citations omitted). "[T]he standard for judging counsel's representation is a most deferential one" because "the attorney observed the relevant

proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). To demonstrate prejudice, Defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Counsel's failure to challenge the introduction of Defendant's prior convictions was not in error. Given that accessory after the fact is a lesser included offense of armed bank robbery, the evidence admitted to prove the lesser charge was admissible to prove the greater charge. *See United States v. Arnt*, 474 F.3d 1159, 1163 (9th Cir. 2007). Accordingly, even though the prior convictions were offered to prove the later-dismissed accessory after the fact Count, the evidence likely need not be excluded under Rule 404(b) because the convictions could have been offered to prove armed bank robbery. As a result, Counsel was not ineffective for failing to raise Defendant's desired objection.

Likewise, counsel would not have succeeded in challenging introduction of the jailhouse informant's testimony. An individual can testify regarding a confession he heard a criminal defendant make irrespective of whether the testimony was obtained via warrant. *See* Fed. R. Evid. 804(b)(3) (explaining the statement against interest exception to the hearsay rules); s*ee, e.g.*, *Armstrong v. United States*, No. 90-55888, 961 F.2d 216, at *1 (9th Cir. Apr. 28, 1992) (unpublished table decision) (demonstrating that a warrant may be necessary to conduct a search based on information gathered from an undercover informant, but that the use of an informant itself need not be authorized by warrant). Thus, the Government did not need to procure a warrant for the testimony.

Thus, the Court **DENIES** Defendant's 2255 Motion. The Court now addresses whether Defendant should be given leave to amend the Motion.

//

### c. Second Motion to Amend the 2255 Motion, (ECF No. 353)

In his Second Motion to Amend the 2255 Motion, Defendant argues that his 18 U.S.C. § 924(c) conviction is invalid in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). (*See* Second Mot. Amend 2255 Mot., ECF No. 353). The Government responds that *Davis*, like *Dimaya* and *Johnson*, invalidated convictions under the residual clause, but Defendant's conviction rested upon the elements clause. (*See* Resp. 2:5–3:2, ECF No. 354). The Court agrees and finds that *Davis* does not provide cause to amend the Motion for the reasons discussed in section (b)(i), *supra*.

### d. First Motion to Amend the 2255 Motion, (ECF No. 346)

In his First Motion to Amend the 2255 Motion, Defendant seeks leave of Court to amend his argument that the Government should not have been allowed to admit his prior convictions under Federal Rule of Evidence 404(b). (First Mot. Amend. 2255 Mot. at 2–3, ECF No. 346). The Government opposes the Motion, arguing that Defendant presents no new argument for relief outside of those already within the 2255 Motion. (Resp. 1:22–2:8, ECF No. 347). Finding no prejudice to the Government if Defendant amends the 2255 Motion, the Court **GRANTS** the First Motion to Amend. Defendant may file an Amended 2255 Motion, limited only to the Rule 404(b) ground for vacating the conviction, within twenty-one (21) days from entry of this Order.

### e. Motion to Reduce and Correct Sentence, Appoint Counsel, and for Sentencing Hearing, (ECF Nos. 328–30)[3]

Finally, Defendant argues that the Court should reduce or correct sentence, appoint counsel, and set a new sentencing hearing because of the United State Supreme Court's

---

[3] ECF Nos. 328–30 are duplicates filed as separate Motions in compliance with the Local Rules because the filing seeks multiple forms of relief. The Court therefore refers to the filing as one Motion in this subsection.

decision in *Dimaya*. The Court has previously addressed the argument in section (b)(i) of this discussion, *supra*. For the reasons previously discussed, the Court **DENIES** the Motion.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Extend Time to File a 2255 Motion, (ECF No. 315), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Appointment of Counsel, (ECF No. 316), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Reduce and Correct Sentence, (ECF No. 328), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Appointment of Counsel, (ECF No. 329), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Sentencing Hearing, (ECF No. 330), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence, (ECF No. 336), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's First Motion to Amend the Motion to Vacate, Set Aside, or Correct Sentence, (ECF No. 346), is **GRANTED**. Defendant may file an Amended 2255 Motion, limited only to the Rule 404(b) ground for vacating the conviction, within twenty-one (21) days from entry of this Order.

**IT IS FURTHER ORDERED** that Defendant's Second Motion to Amend the Motion to Vacate, Set Aside, or Correct Sentence, (ECF No. 353), is **DENIED**.

**DATED** this 18 day of August, 2020.

_____
Gloria M. Navarro, District Judge
United States District Judge